IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2083-D

| | |
|---|---|
| NICHOLAS N. CAULEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SUPERINTENDENT JOYCE ) | |
| KORNEGAY, ) | |
| ) | |
| Respondent. ) | |

On April 28, 2011, Nicholas N. Cauley ("Cauley" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On January 9, 2012, the court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and dismissed the petition as untimely and unexhausted [D.E. 5]. On January 19, 2012, Cauley filed a motion for reconsideration and appointment of counsel [D.E. 7].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v.

Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

When it dismissed Cauley's petition, the court noted that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to a file habeas petition within one year of his conviction, determined that Cauley filed his petition almost nine years after his conviction became final, and held that Cauley was not entitled to equitable tolling. [D.E. 5] 3–6. Alternatively, the court held that Cauley had failed to exhaust available state remedies before filing his habeas petition. Id. 6–7.

Cauley seeks reconsideration and asserts that the Supreme Court of North Carolina improperly denied his March 24, 2011 appeal in that "three judges did not rule on it[,] only two did and Judge Hudson . . . recused on it because [she] did [not] want [anything] to do with it . . . . because [she] knew what they [were] doing was wrong." Mot. Reconsideration [D.E. 7] 1–2. However, "even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008).

Cauley also asserts "that a petitioner can challenge a faulty indictment or a[n] invalid indictment or a[n] insufficient indictment at any time." Mot. Reconsideration 2. However, a claim alleging defects in a state-court indictment is "not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). "Defects in an indictment do not deprive a court of its power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002). Additionally, the "Fifth Amendment right to 'presentment or indictment of

a Grand Jury'" does not apply in state-court proceedings. Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); see United States v. Jackson, 327 F.3d 273, 284 (4th Cir. 2003). Thus, Cauley does not make any argument warranting reconsideration.

Alternatively, to the extent that Cauley seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a party first must demonstrate that his motion is timely, that he has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from the judgment's being set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Cauley has not met the requisite threshold showings. Accordingly, Rule 60(b) does not entitle him to relief.

As for Cauley's request for appointment of counsel, no constitutional right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Cauley has adequately set forth his claims. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Cauley's motion for appointment of counsel.

In sum, the court DENIES Cauley's motion for reconsideration and for appointment of counsel [D.E. 7].

SO ORDERED. This 21 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge